165 F.3d 33
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Herman BROCK, Defendant-Appellant.
 No. 98-2609.
 United States Court of Appeals, Seventh Circuit.
 Argued Nov. 18, 1998.
Decided Dec. 9, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 97 CR 296. Charles P. Kocoras, Judge.
 Before Hon. WILLIAM J. BAUER, Hon. JESSE E. ESCHBACH, Hon. MICHAEL S. KANNE, Circuit Judges.
 
 ORDER
 
 1
 Herman Brock ("Herman") was found guilty by a jury of one count of conspiracy to receive and possess goods stolen from an interstate shipment in violation of 18 U.S.C. §§ 371 and 659, and one count of receiving and possessing goods stolen from an interstate shipment in violation of 18 U.S.C. § 659. At the close of Brock's oral argument, we announced our decision to affirm from the bench, and follow that decision with this brief written order.
 
 
 2
 Herman was involved in a conspiracy to distribute canned hams stolen from an interstate shipment by Herman's brother and coconspirator, Eugene. At Herman's trial, the government's chief witness was Eugene. On appeal, Herman argues that his conviction should be overturned because Eugene's testimony implicating him in the conspiracy was "incredible."
 
 
 3
 As Brock conceded at oral argument, "[s]ufficiency of the evidence challenges face nearly insurmountable hurdles." United States v. Runnels, 93 F.3d 390, 394 (7th Cir.1996), cert. denied, 519 U.S. 1155, 117 S.Ct. 1095, 137 L.Ed.2d 228 (1997). Moreover, in virtually every case, "arguments which simply urge a reassessment of a ... credibility determination 'are wasted on an appellate court." ' United States v. House, 110 F.3d 1281, 1286 (7th Cir.) (quoting United States v. Molinaro, 877 F.2d 1341, 1347 (7th Cir.1989)), cert. denied, 118 S.Ct. 199 (1997). We will not revisit the jury's decision to credit a witness' testimony unless it was incredible as a matter of law. See United States v. Alcantar, 83 F.3d 185, 189 (7th Cir.1996). "The defendant must show that the challenged testimony was unbelievable on its face, and that may be done in one of two ways-by showing that it would have been physically impossible for the witness to observe what he described, or impossible under the laws of nature for those events to have occurred at all." Id.
 
 
 4
 Herman falls short of this required showing. He merely alleges that Eugene's trial testimony was biased and inconsistent with his earlier statements before the grand jury. However, " 'witnesses' motives for testifying do not render their testimony inherently unreliable." House, 110 F.3d at 1285 (quoting United States v.. Garcia, 66 F.3d 851, 857 (7th Cir.1995)). And we note that, here, Eugene's testimony was in fact corroborated by records showing 33 phone calls between Herman and Eugene during the course of the conspiracy.
 
 
 5
 For the foregoing reasons, Herman Brock's convictions are AFFIRMED.